IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ROBERT WRIGHT,

                           Plaintiff,

v.

CO LANDT and CO BERGER,

                           Defendants.

OPINION & ORDER

17-cv-799-jdp

---

     Pro se plaintiff and prisoner Robert Wright has filed a complaint under 42 U.S.C. § 1983 against defendants Landt and Berger (both correctional officers) for interfering with his medical treatment. Wright has made an initial partial payment of the filing fee in accordance with 28 U.S.C. § 1915(b)(1), so his complaint is ready for screening under 28 U.S.C. § 1915A and § 1915(e)(2).

     Wright alleges that his physician has ordered him a drink called "Boost" as part of a treatment regimen for an unspecified type of cancer.[1] On four occasions between May 14, 2017, and August 22, 2017, Landt and Berger refused to give Wright the drink because he did not give them the empty carton of the previous drink he received. When asked why he did not have the empty carton, Wright said that "it is not part of my doctor's order for me to save the empty cartons in order for me to receive my boost drinks."

     Wright does not specify a legal theory in his complaint, but claims regarding interference with medical care in the prison context are governed by the Eighth Amendment.

---

[1] Wright does not explain what "Boost" is, but there is a commercially available drink with that name, which "[d]octors recommend . . . to their patients in order to supplement their diets and help make sure they're getting the nutrients they need." "Boost," http://personalprotein.boost.com (last visited February 22, 2018).

A prison official violates a prisoner's Eighth Amendment right to medical care if the official is "deliberately indifferent" to a "serious medical need." *Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976). In practical terms, this means that a prisoner must show three things: (1) he needed medical treatment; (2) the defendants knew that he needed treatment; and (3) defendants consciously failed to take reasonable measures to provide the necessary treatment.

Also relevant to this case are *Freeman v. Berge*, 441 F.3d 543, 547 (7th Cir. 2006), and *Rodriguez v. Briley*, 403 F.3d 952, 952-53 (7th Cir. 2005), in which the court held that a deprivation that results from a prisoner's "deliberate noncompliance with a valid rule" cannot serve as the basis for an Eighth Amendment claim unless the prisoner "experienced real suffering, extreme discomfort, or . . . lasting detrimental health consequences." Although the court of appeals has not explained how this standard fits with the standard in *Estelle*, the logic appears to be that a prison official is not acting unreasonably under the third element if the prisoner's failure to comply with a rule is unreasonable.

*Freeman* and *Rodriguez* require dismissal of Wright's claim. Although Wright says that the rule to return the empty cartons is arbitrarily enforced, he does not allege that the rule is improper or that he is unable to save the cartons. His only excuse for failing to comply is that the order came from prison officials rather than his doctor, but that is no excuse at all. Saving the empty cartons would not interfere with Wright's treatment, so the doctor's silence on that issue is simply irrelevant. The doctor's concern is with Wright's consuming the drink; the doctor would have no reason to be concerned with the disposal of the drink's container. But it may be a concern of the prison, either to limit waste or to ensure that Wright is not misusing the drink (for example, by hoarding or selling it). Under the law of this circuit, because Wright

does not identify any problems with the rule or any barriers to his compliance with it, he is "the author of his deprivation rather than a victim of punishment." *Freeman*, 441 F.3d at 545.

I am sensitive to the fact that Wright is alleging that the drink was part of his cancer treatment and I do not read *Freeman* and *Rodriguez* as giving prison staff freedom to deny medical treatment any time a prisoner fails to follow a rule. If denying treatment could risk serious health consequences for the prisoner, the prisoner's medical needs must trump the rule. *Cf. Freeman*, 441 F.3d at 546 ("It does not follow from anything we have said, however, that a prison can allow a prisoner to starve himself to death."). But in this case, Wright doesn't allege that he suffered any harm. Defendants denied him the drink only four times over the course of more than four months. He does not allege that he needed to consume the drink every day and he does not allege that he suffered any health consequences—either long or short-term— as a result of the isolated deprivations. Under these circumstances, Wright cannot prevail on a claim under the Eighth Amendment.

ORDER

IT IS ORDERED that:

1. Plaintiff Robert Wright's complaint is DISMISSED for his failure to state a claim upon which relief may be granted.

2. The court will record a "strike" in accordance with 28 U.S.C. § 1915(g).

3. The clerk of court is directed to enter judgment in favor of defendants and close this case.

Entered February 27, 2018.

        BY THE COURT:

        /s/

        _____
        JAMES D. PETERSON
        District Judge